## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

HONEYFUND.COM, INC., et al.,

                *Plaintiffs*,

      v.

RON DESANTIS, in his official
capacity as Governor of Florida, et al.,

                *Defendants*.

Case No. 4:22-cv-227-MW/MAF

## DEFENDANTS' MEMORANDUM OF LAW IN
## SUPPORT OF THEIR MOTION TO DISMISS

Timothy L. Newhall
*Special Counsel*
Complex Litigation
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3300
timothy.newhall@myfloridalegal.com

Charles J. Cooper (Bar No. 248070DC)
John D. Ohlendorf (*Pro Hac Vice*)
Megan M. Wold (*Pro Hac Vice*)
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601

*Counsel for Defendants Ron DeSantis,
in his official capacity, et al.*

July 21, 2022

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ...................................................................................1

FACTUAL BACKGROUND ....................................................................1

STANDARD OF REVIEW ......................................................................4

ARGUMENT ..........................................................................................5

I.    The Governor Is Not a Proper Defendant to Any of Plaintiffs' Claims..........6

II.   Plaintiffs' Claims Should Also Be Dismissed Under Fed. R. Civ. P. 12(b)(6) for Failure To State a Claim............................................................9

CONCLUSION .....................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................................5

*Falls v. DeSantis*, No.22-cv-166 (N.D. Fla. July 8, 2022) ...................5, 7

*Grizzle v. Kemp*, 634 F.3d 1314 (11th Cir. 2011)...................................6

*Harris v. Bush*, 106 F. Supp. 2d 1272 (N.D. Fla. 2000)..........................6

*Muransky v. Godiva Chocolatier, Inc.*,
   979 F.3d 917 (11th Cir. 2020) ...................................................4

*Osterback v. Scott*, 782 F. App'x 856 (11th Cir. 2019)...........................6

*Support Working Animals, Inc. v. Governor of Fla.*,
   8 F.4th 1198 (11th Cir. 2021) ..............................................6, 8

*Williams v. Poarch Band of Creek Indians*,
   839 F.3d 1312 (11th Cir. 2016) ................................................4

*Women's Emergency Network v. Bush*,
   323 F.3d 937 (11th Cir. 2003) ............................................6, 7, 9

*Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291 (11th Cir. 2021)........................5

**Statutes**

Fla. Stat.

   § 14.26(2)(a) ................................................................8, 9
   § 760.04....................................................................9
   § 760.10(1) .................................................................1
   § 760.10(1)–(8) (as amended by the Act)....................................2, 3
   § 760.10(1)(8)(b) ...........................................................3
   § 760.11....................................................................7
   § 760.11(2).................................................................8
   § 760.021...................................................................7

2022 Fla. Laws 72 ..............................................................1

2022 Fla. Laws 72, § 8 .........................................................1

**Other**

Order, *Falls v. DeSantis*, No.22-cv-166 (N.D. Fla. July 8, 2022)..............5

## INTRODUCTION

Defendants Governor Ron DeSantis, *et al.*, respectfully seek an order and judgment dismissing Plaintiffs' complaint. First, Governor DeSantis must be dismissed as a defendant for want of jurisdiction as to all of Plaintiffs' claims. The Eleventh Amendment allows suit only against those state officials who have a sufficient connection to the enforcement of a challenged law, and Plaintiffs have failed to show that Governor DeSantis's connection to enforcement of the challenged provisions of the Individual Freedom Act suffices. And second, all of Plaintiffs' claims must be dismissed on the merits under FED. R. CIV. P. 12(b)(6), because they fail as a matter of law for the reasons articulated in our response to Plaintiffs' Preliminary Injunction Motion, which is filed contemporaneously herewith.

## FACTUAL BACKGROUND

Earlier this year, the Florida Legislature passed the Individual Freedom Act (the "Act"). *See* 2022 Fla. Laws 72. Governor DeSantis approved the Act on April 22, and it took effect on July 1. *See* 2022 Fla. Laws 72, § 8. As relevant in this case, Section 1 of the Act amended the Florida Civil Rights Act to enumerate several employment practices that constitute "discrimination based on race, color, sex, or national origin" under FLA. STAT. § 760.10(1). Specifically, the Act makes it unlawful for any employer to "[s]ubject[] any individual, as a condition of

1

employment, membership, certification, licensing, credentialing, or passing an examination, to training, instruction, or any other required activity that espouses, promotes, advances, inculcates, or compels such individual to believe any of the following concepts":

1.   Members of one race, color, sex, or national origin are morally superior to members of another race, color, sex, or national origin.

2.   An individual, by virtue of his or her race, color, sex, or national origin, is inherently racist, sexist, or oppressive, whether consciously or unconsciously.

3.   An individual's moral character or status as either privileged or oppressed is necessarily determined by his or her race, color, sex, or national origin.

4.   Members of one race, color, sex, or national origin cannot and should not attempt to treat others without respect to race, color, sex, or national origin.

5.   An individual, by virtue of his or her race, color, sex, or national origin, bears responsibility for, or should be discriminated against or receive adverse treatment because of, actions committed in the past by other members of the same race, color, sex, or national origin.

6.   An individual, by virtue of his or her race, color, sex, or national origin, should be discriminated against or receive adverse treatment to achieve diversity, equity, or inclusion.

7.   An individual, by virtue of his or her race, color, sex, or national origin, bears personal responsibility for and must feel guilt, anguish, or other forms of psychological distress because of actions, in which the individual played no part, committed in the past by other members of the same race, color, sex, or national origin.

8.    Such virtues as merit, excellence, hard work, fairness, neutrality, objectivity, and racial colorblindness are racist or sexist, or were created by members of a particular race, color, sex, or national origin to oppress members of another race, color, sex, or national origin.

FLA. STAT. § 760.10(1)–(8) (as amended by the Act).

Section 1 further makes clear, however, that it does not prohibit discussion of these concepts as part of required training. It directs that this provision "may not be construed to prohibit discussion of the concepts listed therein as part of a course of training or instruction, provided such training or instruction is given in an objective manner without endorsement of the concepts." *Id.* § 760.10(1)(8)(b).

Plaintiffs are two businesses based in Clearwater, Florida, a DEI consultant, and her consulting firm. Together, they argue that the Act's employment provisions violate the First Amendment and the Due Process Clause.

The two business plaintiffs are Honeyfund.com, Inc., a wedding-related internet funding platform, and Primo Tampa, LLC, a franchisee group that operates Ben and Jerry's scoop shops. Both claim that they plan to hold mandatory employee training events in which one or more of the Act's eight prohibited concepts will be espoused and that by barring them from doing so, the Act violates their First Amendment rights. Both also claim that the Act's language is unconstitutionally overbroad and vague under the Due Process Clause.

The consultant plaintiff is Chevara Orrin and her firm, Whitespace Consulting, LLC, d/b/a Collective Concepts, LLC. Orrin claims that she offers mandatory employee training sessions that espouse propositions that allegedly fall within one or more of the Act's eight concepts, that the Act violates the First Amendment and Due Process Clause, and that the Act has harmed, and will continue to harm, her business.

Plaintiffs have named as defendants, in their official capacities, Governor Ron DeSantis, Attorney General Ashley Moody, and 11 Commissioners of the Human Relations Commission (the "Commission"): Darrick D. McGhee, Angela Primiano, Mario Garza, Libby Farmer, Jay Pichard, Larry D. Hart, Monica Cepero, Vivian Myrtetus, Dawn Hanson, Kenyatta Moye, and Pamela Payne. Defendants now move to dismiss Plaintiffs' claims, in their entirety or, alternatively, in part, under FED. R. CIV. P. 12(b)(1) and (6).

## STANDARD OF REVIEW

Rule 12(b)(1) provides that a claim may be dismissed for "lack of subject matter jurisdiction." "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016). Even at the pleading stage, "[m]ere conclusory statements do not suffice." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924-25 (11th Cir. 2020) (internal citations omitted).

Under Rule 12(b)(6), a court must dismiss a claim on the merits "when the plaintiff's factual allegations, if true, don't allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1295 (11th Cir. 2021) (cleaned up). The court must "view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true," but it cannot credit "mere conclusory statements," *id*. at 1295–96, and a plaintiff's allegations must be supported with enough detail to "nudge[ ] their claims across the line from conceivable to plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

Because Governor DeSantis has no direct authority to enforce the Individual Freedom Act's employment provisions, he must be dismissed as a defendant in this case. Indeed, this Court recently dismissed Governor DeSantis as a defendant in another challenge to the Act, in materially identical circumstances, because the plaintiffs there "identified no provision of Florida law that provides the Governor with *any* enforcement authority when it comes to the challenged provisions." Order at 2, *Falls v. DeSantis*, No.22-cv-166 (N.D. Fla. July 8, 2022). The Plaintiffs here fare no better, and the Governor should be dismissed for the same reasons. Finally, all of Plaintiffs' claims should also be dismissed on the merits under Rule 12(b)(6),

for the reasons articulated in our response to Plaintiffs' Preliminary Injunction Motion, which is filed contemporaneously herewith.

## I.    The Governor Is Not a Proper Defendant to Any of Plaintiffs' Claims.

Under *Ex Parte Young*, "[a] state official is subject to suit in his official capacity when his office imbues him with responsibility the to enforce the law or laws at issue in the suit." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (citation omitted). This is an exception to the States' Eleventh Amendment sovereign immunity, which would otherwise bar suit against a State. *Id*. However, "a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with the enforcement of the provision at issue." *Osterback v. Scott*, 782 F. App'x 856, 859 (11th Cir. 2019) (internal citations omitted); *see also Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021) ("[W]here, as here, a plaintiff has sued to enjoin a government official from enforcing a law, he must show, at the very least, that the official has the authority to enforce the particular provision that he has challenged, such that an injunction prohibiting enforcement would be effectual."). The Governor's general executive authority to enforce state laws and oversee the executive branch, standing alone, "is insufficient to make him the proper party whenever a plaintiff seeks to challenge the constitutionality of a law." *Harris v. Bush*, 106 F. Supp. 2d 1272, 1276-77 (N.D. Fla. 2000) (collecting cases); *see also Women's Emergency Network v. Bush*, 323 F.3d

937, 949 (11th Cir. 2003) ("A governor's 'general executive power' is not a basis for jurisdiction in most circumstances.").

Here, the parties directly charged with implementing and enforcing the employment-related provisions of the Act are the Commission, the Attorney General and certain private citizens—not the Governor. FLA. STAT. § 760.021; FLA. STAT. § 760.11. Accordingly, the Governor is not a proper party under *Ex Parte Young* and he must be dismissed from the case. *See Falls*, *supra*, at 2.

Plaintiffs point to two types of authority that purportedly give the Governor authority to enforce the Act's employment provisions and thus make him a proper party, but neither suffices. First, they note that the Governor has "supreme executive power" and authority to "take care that the laws be faithfully executed." Am. Compl. ¶ 23 (quoting FLA. CONST. Art. IV, § 1(a)). As noted above, however, a long line of binding Eleventh Circuit authority has explicitly held that the Governor's "general executive power" does not suffice to make him a proper defendant under *Ex Parte Young*. *E.g.*, *Women's Emergency Network*, 323 F.3d at 949.

Plaintiffs also argue that Governor DeSantis has specific authority over the enforcement of the Act's employment provisions because the Commission "may refer any employment discrimination complaint to the Governor's office." Am. Compl. 23. This argument fails for two reasons.

7

First, Plaintiffs have not shown that the Commission could actually refer an employment discrimination complaint under the Act to the Governor's Office. The Civil Rights Act authorizes referral only to an "agency of the state . . . that has jurisdiction of the subject matter of [the] complaint," FLA. STAT. § 760.11(2), so Plaintiffs' argument works only if they can identify some provision independently giving the Governor's Office jurisdiction over employment discrimination complaints. And the only provision they identify is the statute establishing the Citizen's Assistance Office and giving it authority to "[i]nvestigate, on complaint or on its own motion, any administrative action of any state agency, the administration of which is under the direct supervision of the Governor." *Id.* § 14.26(2)(a). Even if this investigatory power applied to the Commission, it is clear that it does not give the Governor sufficient "authority to enforce the [challenged] provision," *Support Working Animals*, 8 F.4th at 1201, since Section 14.26 vests the Citizen's Assistance Office with power to "investigate," "[r]equest . . . assistance and information," and "report to the Governor"—*not* the power to direct the implementation of substantive law.

In any event, the Citizen's Assistance Office *does not* have any authority to investigate the actions of the Commission. The Office's investigatory authority is limited to agencies "under the direct supervision of the Governor." FLA. STAT. 14.26(2)(a). And while the Civil Rights Act establishes the Commission within the

Department of Management Services, which is under the Governor's supervision, the Act expressly provides that the Commission "shall not be subject to control, supervision, or direction by the Department of Management Services." *Id.* § 760.04. Accordingly, whatever authority the Citizen's Assistance Office's may have over agencies within its purview, that authority does not extend to the Commission.

Second, the investigatory authority of the Citizen's Assistance Office cannot suffice to make the Governor a proper party in this case as a matter of law because if it did, the Governor would be a proper party in *every* challenge to a Florida statute administered by an agency "under the direct supervision of the Governor." *Id.* at 14.26(2)(a). The Office's investigatory authority applies to every such agency, so Plaintiffs' theory would make the Governor a proper party in *every* lawsuit against an agency he supervises—a result directly contrary to the settled rule that "the governor's general executive power is insufficient to confer jurisdiction," *Women's Emergency Network*, 323 F.3d at 950.

## II.    Plaintiffs' Claims Should Also Be Dismissed Under FED. R. CIV. P. 12(b)(6) for Failure To State a Claim.

In addition to dismissing Governor DeSantis as a defendant for lack of jurisdiction, the Court should dismiss Plaintiffs' complaint in its entirety for failure to state a claim. As explained in Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction, filed contemporaneously with this Motion and incorporated by reference herein, all of Plaintiffs' claims fail as a matter of law. The First

9

Amendment is not implicated by the Act's employment provisions: everything an employer (or its paid consultants) could say *before* the Act took effect they can *still say after*, so no speech is restricted at all. All the Act regulates is the *pure conduct* of employers *requiring* their employees to listen to certain speech against their will if they wish to keep their jobs. And even if First Amendment rights were at stake, the State's compelling interest in stamping out discrimination on the basis of race and other immutable characteristics in the workplace would amply justify this law.

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims should be dismissed for want of jurisdiction as to Governor DeSantis under FED. R. CIV. P. 12(b)(1) and dismissed on the merits in their entirety under Rule 12(b)(6).

Dated: July 21, 2022

Timothy L. Newhall
*Special Counsel*
Complex Litigation
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Telephone: 850.414.3300
timothy.newhall@myfloridalegal.com

Respectfully Submitted,

/s/ Charles J. Cooper
Charles J. Cooper (Bar No. 248070DC)
John D. Ohlendorf (*Pro Hac Vice*)
Megan M. Wold (*Pro Hac Vice*)
John D. Ramer (*Pro Hac Vice*)
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Defendants Ron DeSantis,*
*in his official capacity, et al.*

10

## CERTIFICATE OF WORD COUNT

Pursuant to Northern District of Florida Rule 7.1(F), the undersigned counsel hereby certifies that the foregoing Defendants' Memorandum of Law in Support of Their Motion To Dismiss, including body, headings, quotations, and footnotes, and excluding those portions exempt by Local Rule 7.1(F), contains 2,255 words as measured by Microsoft Office for Word 365.

/s/Charles J. Cooper
Charles J. Cooper