IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HONEYFUND.COM, INC.,**
et al.,

    *Plaintiffs*,

v.    Case No. 4:22cv227-MW/MAF

**RON DESANTIS, in his official
Capacity as Governor of Florida,**
et al.,

    *Defendants*.

_____/

## ORDER DENYING MOTION TO DISMISS

This is a First Amendment case. Plaintiffs argue that the Individual Freedom Act, which—among other things—amended the Florida Civil Rights Act, violates their First Amendment rights. Now, Defendants move to dismiss both because Governor DeSantis is not a proper defendant under *Ex parte Young* and because Plaintiffs' complaint fails to state a claim. ECF No. 50.

Taking those arguments in reverse order, Defendants' motion to dismiss for failure to state a claim reiterates their arguments in response to Plaintiffs' preliminary injunction motion. Because this Court already rejected those arguments when it granted Plaintiffs' motion in part, Defendants' motion to dismiss for failure to state a claim is **DENIED**.

This Court then turns to Defendants' argument that Governor DeSantis is not a proper defendant. As the parties well know, plaintiffs can sue government officials to enjoin them from enforcing an allegedly unconstitutional law when those officials have some connection with the law's enforcement. *See Ex parte Young*, 209 U.S. 123 (1908). Defendants argue that Governor DeSantis has no specific power to enforce the IFA, and thus is not a proper Defendant. In response, Plaintiffs point to, among other things, a statement on the Florida Commission on Human Relations's website claiming that it "may refer" employment complaints to the "Governor's office" for investigation. *Employment*, Florida Commission on Human Relations, https://fchr.myflorida.com/employment. Thus, they say, Governor DeSantis has the power to enforce the IFA.

Accepting Plaintiffs' allegations as true and drawing all reasonable inferences in Plaintiffs' favor—as this Court must—Plaintiffs have sufficiently alleged that Governor DeSantis has the requisite connection to the IFA to satisfy *Ex parte Young*.[1] Of course, without more, Plaintiffs' claims against Governor DeSantis may be subject to dismissal at the summary judgment stage. For now, however, they are

---

[1] Though Defendants argue only that Governor DeSantis is not a proper party under *Ex parte Young*, this Court has an independent obligation to ensure that Plaintiffs have standing. *United States v. Hays*, 515 U.S. 737, 742 (1995). And while the two questions can overlap, the standing inquiry is more exacting. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1256 (11th Cir. 2020). Still, applying that standard, Plaintiffs have alleged sufficient facts to establish, at the pleading stage, standing to sue Governor DeSantis.

enough. Accordingly, Defendants' motion to dismiss Governor DeSantis for lack of jurisdiction is **DENIED**.

In sum,

**IT IS ORDERED**:

Defendants' motion to dismiss, ECF No. 50, is **DENIED**.

**SO ORDERED on August 18, 2022.**

**s/Mark E. Walker**
**Chief United States District Judge**
