## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| **HONEYFUND.COM, INC.,** **PRIMO TAMPA, LLC**, **CHEVARA ORRIN,** and **WHITESPACE CONSULTING, LLC D/B/A** **COLLECTIVE CONCEPTS, LLC,** | Case No. 4:22-cv-227 (ACW) (MAF) |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| **RON DESANTIS**, *in his official capacity as Governor of Florida*; **ASHLEY MOODY**, *in her official capacity as Attorney General of Florida*, **DARRICK MCGHEE**, *in his official capacity as the Chair of the Florida Commission on Human Relations,* et al. | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| Defendants. | |

Defendants, by and through their counsel, make the following assertions, admissions, denials, and defenses in answer to the claims filed against them by Plaintiffs Honeyfund.com, Inc., Primo Tampa, LLC, Chevara Orrin, and Whitespace Collective, LLC d/b/a Collective Concepts, LLC:

1.      Paragraph 1 of the Complaint is a description of the nature of the action

1

and plaintiffs' intention in filing it, which does not require Defendants' denial or affirmation.

2.      The allegations in paragraph 2 are Plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Individual Freedom Act (hereafter, the "Act") speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

3.      The allegations in paragraph 3 are legal conclusions to which no answer is required. To the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

4.      The allegations in paragraph 4 are Plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

5.      Defendants admit that the American public has been engaged in public discourse over issues including race, gender, and sexual orientation. Defendants lack sufficient knowledge or information to affirm or deny the additional factual allegations in paragraph 5.

6. Defendants lack sufficient knowledge or information to affirm or deny the factual allegations in paragraph 6. Plaintiffs' legal conclusions in paragraph 6 require no response.

7. The allegations in paragraph 7 are legal conclusions to which no answer is required.

8. Defendants admit that some individuals have advanced theories of "systemic racism." Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 8.

9. Defendants admit that some individuals have opposed theories of "systemic racism." Defendants lack sufficient knowledge or information to affirm or deny the factual statement in paragraph 9.

10. Paragraph 10 contains legal conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

11. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 11.

12. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 12.

13. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 13.

14.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 14.

15.      Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 15.

16.     The allegations in paragraph 16 are Plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

17.     The allegations in paragraph 17 are Plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

18.     Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 18. Plaintiffs' legal conclusions in paragraph 18, and their characterization of this action, require no response.

## **PARTIES**

19.     Defendants lack sufficient knowledge or information to form a belief about the factual allegations in paragraph 19. Plaintiffs' legal conclusions in

4

paragraph 19 require no response.

20.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 20. Plaintiffs' legal conclusions in paragraph 20 require no response.

21.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 21. Plaintiffs' legal conclusions in paragraph 21 require no response.

22.     Defendants lack sufficient knowledge or information to form a belief about the allegations in paragraph 22. Plaintiffs' legal conclusions in paragraph 22 require no response.

23.     Defendants admit that Governor DeSantis is the Governor of the State of Florida and that Article IV, Section 1(a) of Florida's Constitution contains the quoted language. Plaintiffs' legal conclusions in paragraph 23 require no response, and Defendants deny any remaining factual allegations in paragraph 23.

24.     Defendants admit that Attorney General Moody is the Attorney General of the State of Florida and that Article IV, Section 4(b) of Florida's Constitution contains the quoted language. Plaintiffs' legal conclusions in paragraph 24 require no response.

25.     Defendants admit that Darrick D. McGhee is the Senior Chair of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 25

require no response.

26.     Defendants admit that Angela Primiano is the Vice Chair of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 26 require no response.

27.     Defendants admit that Mario Garza is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 27 require no response.

28.     Defendants admit that Libby Farmer is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 28 require no response.

29.     Defendants admit that Jay Pichard is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 29 require no response.

30.     Defendants admit that Larry D. Hart is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 30 require no response.

31.     Defendants admit that Monica Cepero is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 31 require no response.

32.     Defendants admit that Vivian Myrtetus is a Commissioner of the

Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 32 require no response.

33.      Defendants admit that Dawn Hanson is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 33 require no response.

34.      Defendants admit that Kenyatta Moye is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 34 require no response.

35.      Defendants admit that Pamela Payne is a Commissioner of the Commission on Human Relations. Plaintiffs' legal conclusions in paragraph 35 require no response.

## **JURISDICTION AND VENUE**

36.      The allegations in paragraph 36 are Plaintiffs' legal conclusions to which no answer is required.

37.      The allegations in paragraph 37 are Plaintiffs' legal conclusions to which no answer is required.

38.      The allegations in paragraph 38 are Plaintiffs' legal conclusions to which no answer is required.

39.      The allegations in paragraph 39 are Plaintiffs' legal conclusions to which no answer is required. Defendants lack sufficient knowledge or information

to form a belief as to the truth of any factual allegations in paragraph 39.

40.     The allegations in paragraph 40 are Plaintiffs' legal conclusions to which no answer is required.

41.     The allegations in paragraph 41 are Plaintiffs' legal conclusions to which no answer is required.

## FACTUAL ALLEGATIONS

42.     The allegations in paragraph 42 are Plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, Defendants deny the allegations.

43.     Defendants admit the allegations in paragraph 43.

44.     Defendants admit that the cited press release contains the language quoted in paragraph 44.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 45.

46.     Defendants admit that the cited press release contains the language quoted in paragraph 46.

47.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 47.

48.     Defendants admit that the cited remarks contain the language quoted

in paragraph 48.

49.     The allegations in paragraph 49 are Plaintiffs' legal conclusions to which no answer is required. Defendants deny any factual allegations in paragraph 49.

50.     Defendants admit that Republican Speaker *pro tempore* of the Florida House of Representatives, Bryan Avila, introduced House Bill 7 on January 11, 2022, and that Republican Senator and now Commissioner of the Florida Department of Education (appointed by Governor DeSantis), Manny Diaz, introduced Senate Bill 148 on the same day.

51.     The allegations in paragraph 51 are Plaintiffs' legal conclusions to which no answer is required. Defendants deny any factual allegations in paragraph 51.

52.     Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

53.     Defendants admit that Representative Avila referenced the cited books and gave the response quoted in paragraph 53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in the second sentence of paragraph 53. Plaintiffs' legal conclusions in paragraph 53 require no response, and Defendants deny any remaining factual allegations in paragraph 53.

54.     Defendants admit that the Act's second reading occurred on March 9,

2022, and that Senator Diaz made the statements quoted in Paragraph 54. The remainder of Paragraph 54 consists of Plaintiffs' legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself, deny any allegations inconsistent with the same, and further deny any remaining factual allegations in the paragraph.

55.     Defendants admit that Governor DeSantis signed the Act on April 22, 2022, and that he made the statement quoted in paragraph 55.

56.     Defendants admit the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

58.     In response to the allegations in paragraph 58, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

59.     Paragraph 59 contains Plaintiffs' legal conclusions to which no answer is required.

60.     In response to the allegations in paragraph 60, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

61.      In response to the allegations in paragraph 61, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

62.     In response to the allegations in paragraph 62, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

63.     Paragraph 63 contains Plaintiffs' legal conclusions to which no answer is required.

64.     Paragraph 64 contains Plaintiffs' legal conclusions to which no answer is required.

65.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 65.

66.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 66.

67.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 67.

68.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 68.

69.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 69.

70.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 70.

71.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 71.

72.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 72.

73.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 73.

74.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 74. Plaintiffs' legal conclusions in paragraph 74 require no response.

75.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 75. Plaintiffs' legal conclusions in paragraph 75 require no response.

76.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 76.

77.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 77. Plaintiffs' legal conclusions in paragraph 77 require no response.

78.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 78. Plaintiffs' legal conclusions in paragraph 78 require no response.

79.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 79.

80.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 80.

81.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 81.

82.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 82. Plaintiffs' legal conclusions in paragraph 82 require no response.

83.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 83.

84.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 84.

85.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 85. Plaintiffs' legal conclusions in paragraph 85 require no response.

86.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 86. Plaintiffs' legal conclusions in paragraph 86 require no response.

87.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 87. Plaintiffs' legal conclusions in paragraph 87 require no response.

88.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 88. Plaintiffs' legal

conclusions in paragraph 88 require no response.

89.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 89.

90.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 90.

91.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in paragraph 91. Plaintiffs' legal conclusions in paragraph 91 require no response.

92.     The allegations in paragraph 92 are legal conclusions to which no answer is required.

93.     The allegations in paragraph 93 are legal conclusions to which no answer is required.

94.     Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. The remaining allegations in paragraph 94 are legal conclusions to which no answer is required.

95.     Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. The remaining allegations in paragraph 95 are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act

speaks for itself and deny any allegations inconsistent with the same.

96.     Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. The remaining allegations in paragraph 96 are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same.

97.     Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in the second and third sentences of paragraph 97. The remaining allegations in paragraph 97 are legal conclusions to which no answer is required.

98.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 98.

99.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 99.

100.     Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in the second sentence of paragraph 100. The remaining

15

allegations in paragraph 100 are legal conclusions to which no answer is required.

101.　Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in the second and third sentences of paragraph 101. The remaining allegations in paragraph 101 are legal conclusions to which no answer is required.

102.　Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 102.

103.　Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in the second and third sentences of paragraph 103. The remaining allegations in paragraph 103 are legal conclusions to which no answer is required.

## CLAIMS FOR RELIEF

## COUNT I

## FIRST AMENDMENT FREE SPEECH CLAUSE—FREEDOM OF EXPRESSION

104.　Defendants adopt and incorporate by reference their answers to the preceding paragraphs.

105.　The allegations in paragraph 105 are Plaintiffs' characterization of this action, to which no answer is required.

106.　Defendants admit that the First Amendment contains the quoted

language, state that the First Amendment speaks for itself, and deny any allegations inconsistent with the same.

107.    The allegations in paragraph 107 are Plaintiffs' legal conclusions to which no answer is required.

108.    The allegations in paragraph 108 are Plaintiffs' legal conclusions to which no answer is required.

109.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the factual allegations in paragraph 109. Plaintiffs' legal conclusions in paragraph 109 require no response.

110.    In response to the allegations in paragraph 110 Defendants state that the Act speaks for itself and deny any allegations inconsistent with the same. Plaintiffs' legal conclusions in paragraph 110 require no response.  Defendants deny any factual allegations in paragraph 110.

111.    The allegations in paragraph 111 are Plaintiffs' legal conclusions to which no answer is required. Defendants deny any factual allegations in paragraph 111.

112.    Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. Plaintiffs' legal conclusions in paragraph 112 require no response. Defendants deny any factual allegations in paragraph 112.

113.    Defendants lack sufficient knowledge or information to form a belief about the truth of the factual allegations in paragraph 113. Plaintiffs' legal conclusions in paragraph 113 require no response.

114.    The allegations in paragraph 114 are Plaintiffs' legal conclusions to which no answer is required. Defendants deny any factual allegations in paragraph 114.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claim with prejudice, deny Plaintiffs' Prayer for Relief, order Plaintiffs to pay Defendants' costs and attorneys' fees, and grant any and all other relief deemed just and proper.

## COUNT II

## FOURTEENTH AMENDMENT DUE PROCESS CLAUSE— VAGUENESS AND OVERBREADTH

115.    Defendants adopt and incorporate by reference their answers to the preceding paragraphs.

116.    Defendants admit that the Due Process Clause of the Fourteenth Amendment contains the quoted language, state that the Clause speaks for itself, and deny any allegations inconsistent with the same.

117.    The allegations in paragraph 117 are Plaintiffs' legal conclusions to which no answer is required.

118.    The allegations in paragraph 118 are Plaintiffs' legal conclusions to

which no answer is required.

119.    The allegations in paragraph 119 are Plaintiffs' legal conclusions to which no answer is required.

120.    Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. Plaintiffs' legal conclusions in paragraph 120 require no response. Defendants deny any factual allegations in paragraph 120.

121.    Defendants admit that the Act contains the quoted language, state that the Act speaks for itself, and deny any allegations inconsistent with the same. Plaintiffs' legal conclusions in paragraph 121 require no response. Defendants deny any factual allegations in paragraph 121.

122.    The allegations in paragraph 122 are Plaintiffs' legal conclusions to which no answer is required.

123.    Defendants lack sufficient knowledge or information to form a belief about the truth of the factual allegations in paragraph 123. Plaintiffs' legal conclusions in paragraph 123 require no response.

124.    The allegations in paragraph 124 are Plaintiffs' legal conclusions to which no answer is required.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claim with prejudice, deny Plaintiffs' Prayer for Relief, order Plaintiffs to

pay Defendants' costs and attorneys' fees, and grant any and all other relief deemed just and proper.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

125.   Plaintiffs' First Amended Complaint fails to state a valid claim for relief.

### **Second Affirmative Defense**

126.   Plaintiffs lack standing to pursue their claims against Governor DeSantis.

### **Third Affirmative Defense**

127.   Plaintiffs' claims against Governor DeSantis are barred by the Eleventh Amendment.

## **JURY DEMAND**

128.    Defendants respectfully demand a jury for all issues triable to a jury.

Dated: September 1, 2022                   Respectfully submitted,

                                         */s/* Charles J. Cooper
                                         Charles J. Cooper
                                         (Bar No. 248070DC)
                                         John D. Ohlendorf (*Pro Hac Vice*)
                                         Megan M. Wold (*Pro Hac Vice*)
                                         John D. Ramer (*Pro Hac Vice*)
                                         Cooper & Kirk, PLLC

20

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
johlendorf@cooperkirk.com
mwold@cooperkirk.com
jramer@cooperkirk.com

*Attorneys for Defendants Governor*
*Ron DeSantis, in his official capacity,*
*et al.*

Timothy L. Newhall
Special Counsel
Complex Litigation
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Tel: (850) 414-3300
timothy.newhall@myfloridalegal.com

*Counsel for Defendant Ashley*
*Moody, in her official capacity*