# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| **HONEYFUND.COM, INC.**, **PRIMO TAMPA, LLC**, **CHEVARA ORRIN**, and **WHITESPACE CONSULTING, LLC D/B/A COLLECTIVE CONCEPTS, LLC,**<br><br>   Plaintiffs,<br><br>   v.<br><br>**RON DESANTIS**, *in his official capacity as Governor of Florida*, **ASHLEY MOODY**, *in her official capacity as Attorney General of Florida*, **DARRICK MCGHEE**, *in his official capacity as the Chair of the Florida Commission on Human Relations,* et al.<br><br>   Defendants. | Case No. 4:22-cv-227-MW-MAF<br><br>**DECLARATION OF DOUGLAS HALLWARD-DRIEMEIER** |

I, Douglas H. Hallward-Driemeier, declare as follows:

1.  I am a member of the District of Columbia Bar and of the Massachusetts Bar. I am partner at Ropes & Gray LLP ("Ropes & Gray" or "Ropes"). I have been admitted to this Court *pro hac vice* as counsel for Plaintiffs.

2. I make this declaration pursuant to Local Rule 54.1(E)(1) of the Northern District of Florida to provide an itemization of the hours expended by Ropes attorneys and staff in this matter.

3. I make this declaration on personal knowledge and on the record of this litigation in support of Plaintiffs' Motion to Determine Amounts of Attorney's Fees and Costs (and Incorporated Memorandum of Law).

4. Attached as **Exhibit A** is a detailed breakdown of the hours expended by attorneys and staff at my firm relating to this matter to the nearest tenth of an hour. These billing records set forth the "time devoted to the case by date and task, specifically identifying the timekeeper and the timekeeper's claimed hourly rate" and include "sufficient detail to allow a determination of reasonableness" and "to allow the maximum feasible separation of time devoted to matters." N.D. Fla. Loc. R. 54.1(E)(1).

5. I attest that the hours and rates requested in these time records were reasonable and necessary for the successful prosecution of Plaintiffs' case. Moreover, the hourly rates sought reflect the prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See* Declaration of Richard E. Johnson ("Johnson Decl.") ¶¶ 39-42.

## **Timekeepers and Hourly Rates**

6.     Ropes & Gray is a law firm with an abiding commitment to impactful pro bono work that it completes at no cost to its clients and with no expectation of any monetary return. Ropes & Gray uses the fee awards it receives from its pro bono cases to fund its extensive and nationally recognized pro bono program, including its pro bono fellowships. The relevant experience, expertise, and background of each attorney timekeeper from my firm, including my own, are described below.

7.     I am a litigation partner at Ropes & Gray and the chair of the firm's Appellate and Supreme Court practice. I received my B.A. *summa cum laude* from DePauw University in 1989. I received my M.Phil. in Politics from the University of Oxford, where I studied as a Rhodes Scholar, in 1991. I received my J.D. *magna cum laude* from Harvard Law School in 1994 and served as Supervising Editor of the *Harvard Law Review*. Following law school, I served as a law clerk for Judge Amalya L. Kearse of the U.S. Court of Appeals for the Second Circuit. I have three decades of experience as an attorney. I am a member of the bar of the U.S. Supreme Court and the bar of every U.S. Court of Appeals. During my career in public and private practice, I have argued nineteen cases before the Supreme Court of the United States and filed nearly 200 briefs in that Court. Besides the Supreme Court, I have presented oral argument in approximately 90 appellate cases, including at least one argument before each of the U.S. Courts of Appeals. I rejoined Ropes &

Gray in 2010 as a litigation partner after spending a decade handling civil appeals for the U.S. Department of Justice ("DOJ"), including five years during which I served as an Assistant to the Solicitor General. My work at the Department of Justice, and in the Office of the Solicitor General, focused exclusively on civil appeals, including cases before the U.S. Supreme Court and every U.S. Courts of Appeals. In particular, during my time at the Department of Justice and the Solicitor General's office, I prepared merits briefs in over 26 cases before the Supreme Court and argued 13 cases before the Supreme Court on behalf of the United States. I received the Department of State's "Superior Honor Award" and numerous special Commendations from the Department of Justice's Civil Division. I have argued six more merits cases before the Supreme Court since returning to private practice. In the Department of Justice and in private practice, I have briefed and/or argued numerous cases in the Supreme Court regarding civil rights, constitutional law, and federalism issues. These include, for example: *Shurtleff v. City of Boston*, 596 U.S. __ (2022); *Obergefell v. Hodges*, 576 U.S. 644 (2015); *Executive Benefits Insurance Agency v. Arkison*, 573 U.S. 25 (2014); *Northwest Austin Municipal Utility District No. 1 v. Holder*, 557 U.S. 193 (2009); *Crawford v. Marion County Election Board*, 553 U.S. 181 (2008); *Republic of Iraq v. Beaty*, 556 U.S. 848 (2009); *Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364 (2008); *CSX Transp., Inc. v. Georgia State Bd. of Equalization*, 552 U.S. 9 (2007); *Altria Group, Inc. v. Good*,

555 U.S. 70 (2008).  Beyond my work at the Supreme Court, I have litigated leading First Amendment cases in the U.S. District Courts and U.S. Courts of Appeal, including *Wollschlaeger v. Governor of Florida*, 848 F.3d 1293 (11th Cir. 2017), and *Santa Cruz Lesbian & Gay Cmty. Ctr. v. Trump*, 508 F. Supp. 3d 521 (N.D. Cal. 2020), the latter of which involved a successfully challenge to an Executive Order with similar effect to the Stop WOKE Act at the conclusion of the Trump administration.  Based on my skills and experience, my requested hourly rate for this matter is $775 per hour.

8. Amy Jane Longo is a litigation partner at Ropes & Gray.  She received her J.D. from Columbia Law School in 1996 and her B.A. from Columbia College in 1993.  She has over 25 years of experience as a litigator, including extensive first-chair trial experience as defense counsel and as a senior Securities and Exchange Commission trial and supervisory trial attorney.  She has been recognized as one of the top female lawyers in California and serves as Board Member for the Constitutional Rights Foundation.  Longo also serves as the Executive Editor of Litigation, a publication of the American Bar Association's Section of Litigation.  Based on her skills and experience, her requested hourly rate for this matter is $750 per hour.

9. Phillip Z. Yao is a litigation associate at Ropes & Gray.  He has 5 years of experience as a litigator.  He received his J.D. from Yale Law School in 2019 and

his A.B. *summa cum laude* from Harvard College in 2013. Between college and law school, Yao was awarded a Rhodes Scholarship for graduate study at the University of Oxford, where he received his M.Sc. in Education in 2014 and his M.B.A. in 2015. During law school, Yao served as Editor-in-Chief of the *Yale Journal of Law and Technology* and separately conducted extensive research on diversity in the legal profession in coordination with California Supreme Court Justice Goodwin Liu. Following law school, Yao clerked for Chief Judge Jeffrey R. Howard of the U.S. Court of Appeals for the First Circuit. Yao has also first-chaired numerous jury trials and bench trials as a Special Assistant District Attorney representing the Commonwealth of Massachusetts. At our firm, he has worked on a number of litigations involving constitutional questions, including with me. For example, just this month, he co-authored an amicus brief with me regarding complicated questions of federal preemption (relevant to the Supremacy Clause) for the 1,000+ member Biotechnology Innovation Organization. Based on his skills and experience, his requested hourly rate for this matter is $400 per hour.

10. Nathalia Sosa is a litigation associate at Ropes & Gray. She has 5 years of experience as a litigator. She received her J.D. from Georgetown University Law Center in 2019 and her B.A. *magna cum laude* from Florida State University in 2015. Sosa has targeted expertise working on novel First Amendment issues of national import. She was part of the attorney team, which I led at our firm, that successfully

challenged the Trump administration's 2020 executive order prohibiting federal contractors and grantees from conducting workplace diversity trainings. *See Santa Cruz Lesbian & Gay Cmty. Ctr. v. Trump*, 508 F. Supp. 3d 521 (N.D. Cal. 2020). Based on her skills and experience, her requested hourly rate for this matter is $400 per hour.

11.  Jason Claman is a litigation associate at Ropes & Gray. He has a year of experience as a litigator. He received his J.D. from NYU School of Law in 2023 and his B.A. from Brown University in 2018. While at law school, Claman was the Executive Editor of the *NYU Journal of Legislation and Public Policy*. Based on his skills and experience, his requested hourly rate for this matter is $200 per hour.

12.  In addition to the above attorneys, a number of summer associates and a senior paralegal, Mark Callahan, worked on this matter. The requested hourly rate for these timekeepers is $150 per hour. The requested rate for Claman's time working on this case as a summer associate at Ropes & Gray is, like the other summer associates who worked on this matter, $150 per hour.

13.  These rates represent a substantial discount from Ropes & Gray's regular rates. Specifically, my standard rate is $1,900 per hour, but the Motion requests $775 per hour. Amy Jane Longo's standard rate is $1,820 per hour, but the Motion requests $750 per hour. Phillip Yao's standard rate is $1,340 per hour, but the Motion requests $400 per hour. Nathalia Sosa's standard rate is $1,340 per hour,

but the Motion requests $400 per hour. Jason Claman's standard rate is $830 per hour, but the Motion requests $200 per hour. Mark Callahan's standard rate as a senior paralegal is $620 per hour, but the Motion requests $150 per hour. The standard rate for summer associates at Ropes & Gray is $585 per hour, but the Motion requests $150 per hour.

14. The declaration of Richard E. Johnson, an independent lawyer local to the Northern District of Florida (and more specifically, to Tallahassee), further attests to the reasonableness of the hourly rates. *See* Johnson Decl. ¶¶ 39-42.

## Hours Expended

15. As detailed in **Exhibit A**, Ropes & Gray seeks attorney's fees for 1,136.0 hours of work expended on this matter.

16. Ropes & Gray has closely reviewed all time incurred in this matter to eliminate and reduce duplicative and administrative time entries. The firm exercised careful billing judgment in the number of hours for which Plaintiffs seek recovery, writing off a significant number of hours and additionally permitting a 5% across-the-board reduction in the hours requested in the Motion. Such billing judgment included, *inter alia*: ensuring that all time records were kept to the tenth of the hour; ensuring that no entries were block-billed (and including time parentheticals when combining a timekeeper's entries from the same day for ease of review); using the shortest length of time recorded for joint tasks such as meetings (*i.e.*, writing off

additional time higher than such length); and proactively writing off time for purely administrative/clerical tasks or other tasks that were deemed non-compensable after a careful review of the relevant case law.  The firm's billing judgment also included writing off travel time and expenses for the attorneys who did not participate in the two oral arguments (one before this Court and one before the Eleventh Circuit) but who were there to prep the arguing attorneys, Shalini Goel Agarwal (Protect Democracy) and me, and to observe the arguments themselves in preparation for further anticipated proceedings (appellate and beyond).

17. To simplify the Motion and this declaration, the firm also entirely wrote off the time of seven timekeepers who expended ten or fewer hours to the matter.  In sum, Ropes & Gray's efforts reduced the overall roughly 1,390 hours billed to this matter to a final amount of 1,136.0 hours.

18. It is Ropes & Gray's practice to keep regular and contemporaneous records of the time each attorney or timekeeper spends on litigation matters in a computerized time system as those tasks are completed.  **Exhibit A** represents a true and correct statement of the hours and services which I and the other timekeepers involved in this matter have rendered in this case and which form the basis of the Motion.  I have reviewed the time entries and narrative summaries, as well as the requested costs/expenses, relating to legal services performed by Ropes & Gray, and they are accurate to the best of my knowledge and belief.

19. In this case, I oversaw the research for and drafting of our written motions and arguments, and I presented oral argument before the U.S. District Court for the Northern District of Florida and the U.S. Court of Appeals for the Eleventh Circuit. The number of hours expended in connection with the matter were reasonable and necessary to effectively pursue the relief to which Plaintiffs were entitled.

20. The declaration of Richard E. Johnson further attests to the reasonableness of the expended hours. *See* Johnson Decl. ¶¶ 15-17.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C. on this 27th day of September, 2024.

By: */s/ Douglas Hallward-Driemeier*
Douglas Hallward-Driemeier